## No. 12.

NALLE & CAMMACK *v.* W. P. TERRIL, LEHMAN ABRAHAM & CO., INTERVENORS.

Act 64 of 1876 provides that in cases of provisional seizure or sequestration, the defendant may be cited, in first instance or on appeal, (in the jurisdiction) (1) where the property is found, or (2) at the domicile of defendant, as the plaintiff chooses.

Privileges and mortgages on chattels need only be recorded in the Parish where the movable is situated.

After domiciliary service has been properly had, the appointment of a curator *ad hoc* as in the case of an absentee, is an absolute nullity, and judgment rendered under such circumstances cannot stand, as no issue has been joined, and case must be remanded and new trial had.

*Appealed from Fifth District Court, Parish of Orleans.*

*Jos. Brewer, A. L. Tucker,* attorneys for plaintiff, appellee.

*E. D. Craig,* attorney for defendant.

*Braughn, Buck & Dinkelspiel,* attorneys for intervenors, appellant.

His Honor Judge Walter H. Rogers having recused himself, he having been judge of the District Court from which the case was appealed, J. H. Kennard, Esq., Attorney at Law, having been requested to assist the court in determining the question at issue, delivered the opinion of the Court in the words and figures following, to wit;

This is an appeal by Lehman Abraham & Co., intervenors and appellants from a judgment in favor of plaintiff for the sum of $894.21 with 8% interest on $500.00 from December 4th, 1876. Like interest on $350 from December 18th, 1876, and 5% interest per annum on $44.21 from December 19, 1876 until paid and cost of suit with privilege on the property herein sequestered—and rejecting the claim of the intervenors as owners of said 13 bales. The plaintiff alleged that these 1³ bales of cotton were part of the crop raised on what is known as the "Mc Gehee plantation" in Morehouse parish, and that they have a lien duly recorded in said parish on the whole

crop for supplies and monies furnished to raise the same. They allege that these 13 bales were spirited away from the "Mc Gehee plantation" in the nightime and carried to Monroe in the parish of Ouchita. The evidence satisfies us that the 13 bales of cotton seized herein were part of the crop raised on the Mc Gehee plantation in Morehouse parish in 1876, and that Nalle & Cammack, plaintiffs, have done what was required by law to effect their lien.

The authorities relied upon by the intervenors to deprive the Fifth District Court of the Parish of Orleans of jurisdiction are not in point, as the cases cited antedate Act No. 64 approved March 24th. 1876, which provides among other things—"in all cases of provisional seizure or sequestration the defendant may be cited whether in the first instance or on appeal, either in the jurisdiction where the property revendicated, hypothecated, or provisionally seized or sequestered is situated or found, though he has his domicile or residence out of that jurisdiction or in that where the defendant has his domicile as the plaintiff chooses".

His petition was filed and sequestration issued in December 1876.

With reference to the point made in argument by intervenor that the recordation of plaintiff's lien should have been made in Ouchita parish where the cotton was located when seized—and that the recordation of the same in Morehouse parish where the plantation is situated, upon which the cotton was raised, is not in compliance with Article 123 of the Constitution of 1868, and Act No. 95 approved March 8th. 1869, it will be observed that section 8 of this act provides, "that any and all persons entitled to a mortgage or privilege on the property of another person, shall cause such mortgage or privilege to be recorded in the mortgage book of the parish in which the mortgageable property is situated." This language clearly contemplates that recordation is necessary only in one parish, in one book, otherwise the lawmaker would have said in the mortgage books of the parishes through which the

property may pass. The recordation of privileges on personal property was an entirely novel piece of legislation and its requirements were sufficiently onerous without such a construction as the intervenor asks for—The first constitution wisely omits this requirement.

In view of the fact, as set forth in this opinion, that the case on its merits is clearly with the plaintiffs, Nalle & Cammack, we regret that the manner in which it is presented by the record compels us to remand it to be further proceeded with according to law.

Service of the petition was made at defendant's domicile as shown by the return. Ignoring entirely this service, plaintiff's attorney afterwards, upon mere motion without any evidence, secured the appointment of a curator *ad hoc* to represent the defendant as an absentee.

The only evidence in the record bearing on this subject is that contained in the sheriff's return of a domicile service, which entirely negatives the idea of absenteeism. Had plaintiff seen fit to stand upon the domicile service, taken and confirmed a default, the judgment could not have been disturbed. As it stands however, the appointment of a curator *ad hoc* "is a mere nullity and there has consequently been no issue legally joined, 21 Ann. 461.

In such a case the cause must be remanded, but the "*contestatio litis*" may be formed and a new trial had.

It is therefore ordered and adjudged that the judgment appealed from be avoided and reversed and the cause be remanded to the Civil District Court to be proceeded with according to law and that the appellee pay the cost of the appeal.

Rehearing refused April 25, 1881. McGloin Judge.